# Richmond

## TRIPLETT v. GUDEBROD.

### November 20, 1913.

1. CONTRACTS—*Offer and Acceptance—Completed Contract.*—An option to purchase land cannot, without the consent of the vendor, be accepted on any other or different terms from those contained in the option. In the case in judgment, the option on one tract of land provided that the proposed purchaser should pay a stated price per acre for the land, and also reimburse the vendor for certain expenses that he would necessarily have to incur pending an option given by the same vendor to the same proposed purchaser on an entirely different and larger tract. These expenses the proposed purchaser refused to pay, and as the vendor had the right to fix his own terms in the option, and the vendee refused to accede to them, there was no completed contract between the parties for the sale and purchase of that tract of land.

Appeal from a decree of the Circuit Court of Shenandoah county. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Tavenner & Bauserman,* for the appellant.

*R. T. Barton, E. D. Newman* and *Walton & Walton,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This suit was brought by the appellee for the specific performance of an option for the sale of a tract of land containing about sixty-eight acres. The trial court decreed

specific execution, and from that decree this appeal was granted.

The option set up in the complainant's (appellee's) bill is as follows:

"Mt. Jackson, Va., March 11, 1911.

"Mr. C. E. Gudebrod,

"New York.

"My Dear Sir:

"Referring to the memorandum agreement I gave you this A. M. I notice your arrangement of the payment of the $60 M falls short $10 M, and if agreeable to you, may make this amount in two equal payments maturing in 300 and 360 days in keeping with the previous payments. Regarding other omissions made in our hastiness, viz., the sale of the 68 acres of land of mine lying opposite my orchard and immediately east of the R. R., I herewith grant you an option on it in connection with that given on my orchard at seventy-five (75.00) per acre on terms equivalent to cash, the growing crops reserved. Then as the season for seeding the orchard to clover, the spraying of the trees and the setting of fillers, &c., is at hand it must be understood that I am to be reimbursed with the expense of same, at cost, as incurred during the existence of the option. Awaiting your reply, I am

"Yours very truly,

"J. I. TRIPLETT."

The following is a copy of the "memorandum agreement" (which was also in the form of a letter) referred to in the paper upon which this suit is based:

"March 11, 1911.

"In consideration of one dollar paid to me, receipt of which is hereby acknowledged, I hereby give you thirty days option to purchase my orchard situated east of land

owned by the Strathmore Orchard Company including 27
acres of land in Northwesterly part thereof including all
improvements and containing in all about two hundred
and twelve acres of land more or less, together with right
to operate a ram for obtaining water during such time as
water flows over the dam of the pond adjoining said prop-
erty owned by me, together with all crops and labor per-
formed on said property together with the ram and piping
now connected with the water supply four mules and all
tools and 3 wagons, implements of all kinds including 4
sets harness for the sum of Sixty thousand dollars, payable

$ 1,000 One thousand dollars in 30 days.
  4,000 Four thousand dollars in 60 days.
  5,000 Five thousand dollars in 120 days.
  5,000 Five thousand dollars in 180 days.
  5,000 Five thousand dollars in 240 days.
10,000 Ten thousand dollars Oct. 1, 1912—at 6 *per cent.*
10,000 Ten thousand dollars Oct. 1, 1913—at 6 *per cent.*
10,000 Ten thousand dollars Oct. 1, 1914—at 6 *per cent.*"

Within thirty days after these options were given the
appellant and appellee entered into a contract for the sale
and purchase of the 212 acre parcel of land, known as the
"Orchard tract," upon terms somewhat different from those
set out in the option under which it was acquired. After
the agreement for the sale of the orchard tract had been
signed by the parties, and on the same day, the appellee
claims that he exercised his right to purchase the sixty-
eight acre tract under his option on that tract and paid
the appellant the sum of twenty dollars thereon, as shown
by a receipt given by the latter in the following language:
"Received of Mr. C. E. Gudebrod twenty dollars on option
of 68 acres and acct."

As will be seen from the option given upon the 68 acre
tract, it provides, among other things, that "as the season

for seeding the orchard to clover, the spraying of the trees and the setting of fillers, &c., is at hand, it must be understood that I am to be reimbursed with the expense of same, at cost, as incurred during the existence of the option." It is a concession in the case that there was no orchard on the 68 acre tract.

The first question to be considered is whether or not the appellee accepted the offer for the sixty-eight acre tract upon the terms submitted in the option; or, in other words, whether or not the minds of the parties met in making and accepting the offer. The appellee claims that when he agreed under his option to purchase the sixty-eight acre tract, paid the twenty dollars and took the receipt therefor, his understanding of the matter, and his intention, was to pay $75.00 per acre for the land in cash, or its equivalent, and to pay twenty dollars additional on account of certain plowing, etc., that had been done on the sixty-eight acre tract during the existence of the option. The appellant, on the other hand, claims that his understanding of the matter, and his intention, was that he was to receive for the sixty-eight acre tract of land the price of $75.00 per acre in cash, or its equivalent, and the cost incurred by him in seeding the orchard tract in clover, spraying the trees and setting out fillers, amounting to about $500 during the thirty days the orchard tract option was in force.

After the receipt for the $20 had been given, the attorney of the appellant, who was present, was directed to prepare an agreement embodying the terms of sale and purchase. On the next day when the appellee returned to the office of the appellant to sign the agreement of sale, the parties differed as to that provision in the writing which provided for the payment of $500, the orchard account or claim of the appellant. The appellee refused to agree to pay that account, and the appellant refused to enter into an agreement for the sale of the sixty-eight acre tract unless the

appellee did pay, or agree to pay, the orchard tract account, and the parties separated. Within the next thirty days the appellee, as he claims, made a tender of $5,085.75, the purchase price of the sixty-eight acre tract. (67.81 acres) at $75 per acre. The appellant declined to receive the money. Thereupon the appellee made a special deposit of the same money, or the same amount of money, in bank. The language of the special deposit and the receipt of the bank therefor is as follows:

*"Memo. of instructions.*

"To the Shenandoah Valley National Bank of Winchester, Virginia.

"Winchester, Va.

"I, the undersigned, C. E. Gudebrod, herewith deposit as a special deposit the sum of $5,085.00 in gold coin of the United States, and seventy-five cents ($.75) silver coin of the United States, to be held by said bank under the following instructions:

"1. Pay over and deliver the same to said J. I. Triplett, or his order, upon delivery by him to said bank for C. E. Gudebrod of a deed conveying in fee simple to the said C. E. Gudebrod the tract of 67.81 acres of land laying near Mt. Jackson, in Shenandoah county, Virginia, covered by the option and letter dated March 11, 1911, free from all encumbraces, and with general warranty of title and covenant that the said grantor has the right to make a good and perfect conveyance thereof; and upon examination of said deed by the attorney of said C. E. Gudebrod.

"2. That upon the failure of said J. I. Triplett to deliver said deed then the said Shenandoah Valley National Bank shall pay over said fund to the clerk of the circuit court of Shenandoah county, Va., upon the institution of any suit by said C. E. Gudebrod hereafter against said J.

43

I. Tripplett for enforcement of the contract with regard to said 67.81 acres of land, to be held by said clerk subject to the orders of the court in said suit.

"Given under my hand this 11th day of May, 1911.

"CHRISTIAN E. GUDEBROD."

"Winchester, Va., May 11, 1911.

"Received May 11, 1911, of C. E. Gudebrod a special deposit of $5,085.00 in gold coin of the United States, and seventy-five cents in silver coin of the United States, making in all the sum of $5,085.75, with the following instructions:

"(1) Pay over and deliver the *said* to said J. I. Triplett, or his order, upon the delivery by him to said bank for said C. E. Gudebrod of a deed conveying in fee simple to the said C. E. Gudebrod the tract of 67.81 acres of land lying near Mt. Jackson, in Shenandoah county, Va., covered by the option and letter dated March 11, 1911, free from all encumbrances, and with general warranty of title and covenant that the said grantor has the right to make a good and perfect conveyance thereof: and upon examination of said deed by the attorney of said C. E. Gudebrod.

"(2) That upon the failure of said J. I. Triplett to deliver said deed then the said Shenandoah Valley National Bank shall pay over said fund to the clerk of the circuit court of Shenandoah county, Va., upon the institution of any suit by said C. E. Gudebrod hereafter against said J. I. Triplett for enforcement of contract with regard to said 67.81 acres of land, to be held by the said clerk subject to the order of the court in said suit.

"Given under my hand this 11th day of May, 1911.

"JNO. W. RICE, *Cashier*,
"Shenandoah Valley National Bank,
"Winchester, Va."

The appellant was notified of this action by the appellee. Upon the appellant's declining to comply with the terms and conditions of the special deposit, the money was turned over to the clerk of the court, when this suit was instituted, which was in June following.

According to the appellee's evidence, he never agreed to the terms of the option contract for the sale of the sixty-eight acre tract. He testifies that when the proposition was made to him to pay the cost of sowing clover seed, spraying, etc., on the orchard tract, whether made when closing the option on the orchard tract or when the option on the sixty-eight acre tract was accepted by him, he continuously and positively refused to entertain the proposition, and that the $20 paid on option of sixty-eight acre tract and account was made for plowing on that tract. The testimony of the appellant and his brother, who was present when the $20 was paid and the receipt given, is equally positive that the "account" referred to in that receipt was for labor performed on the orchard tract.

The weight of evidence is in favor of the appellant's contention on this question. He and his brother sustain it. The appellee alone testifies to his understanding and intention when he paid the $20 and took the receipt. The receipt itself tends to sustain the appellant's view. It shows that the $20 was paid and received "on the option of the sixty-eight acre tract and acct." There was no option on that tract except that which provided for the plaintiff's reimbursement of the expense incurred on the orchard tract. In the absence of parol evidence, the natural if not the necessary meaning to be placed upon the receipt is that the $20 was paid on account provided for in the option on the sixty-eight acre tract. Without the appellant's assent the appellee could not acquire the sixty-eight acre tract, except upon the terms contained in the option. The fact that the labor, etc., the payment of which was provided for

in the option, related to the orchard tract could not, as it seems to us, affect the question. The appellant had the right to impose such terms and conditions in that option as he saw proper. Indeed, it appears that the principal object the appellant had in writing the letter of March 11, 1911, giving the option on the sixty-eight acre tract was to secure the payment of the expense, which he testified he knew had to be, or should be, incurred in caring for the orchard tract during the existence of the option upon it. The option on the orchard tract, as prepared by the appellee not only did not provide for the payment of that expense, as the appellant claims it should have done, but used language which excluded that item of expense in the purchase price of the land. This fact the appellant claims he did not know when he signed the option on the orchard tract. That paper shows on its face that it was prepared hurriedly, as does the parol evidence, certainly without much care, for it wholly fails to make provision for the time when the last ten thousand dollars of the purchase price was to be paid, or to make any reference to the sixty-eight acre tract, which both parties seem to have considered had some connection with the orchard tract in their offers to buy and sell. It is true that when the terms of the agreement for the sale and purchase of the orchard tract were being considered, the item of expense for labor, etc., was mentioned, and the appellee refused to pay it. This, under the terms of his option on that tract, he clearly had the right to do, but when he determined to accept or take up the option on the sixty-eight acre tract, he could not accept it upon any other terms than those which the option contained. He did not at the time he claims to have accepted the option offer or agree to pay the labor, etc., account; and he did not do so when he made the tender of the purchase price of the sixty-eight acre tract, nor when he made the special deposit of the money so tendered in

bank, nor when he filed his bill.  On the contrary, the conduct of the appellee, as well as his words, clearly shows that he not only never offered or agreed to pay the labor, etc., account, whose payment was required by the terms of the option, but that he had no intention of doing so.  The appellee never having accepted the terms of the option which gave him the right to purchase the sixty-eight acre tract of land, he was not entitled to a specific execution thereof, and the trial court erred in so holding.

The decree complained of must be reversed, and the bill dismissed, with costs to the appellant, subject to a credit of $20, the amount paid by the appellee to the appellant as evidenced by the receipt of April 10, 1911.

*Reversed.*